UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IDA RIESE,

                Plaintiff,

-against-                               23-CV-6973 (LTS)

LI CHILD AND FAMILY DEVELOPMENT      TRANSFER ORDER
SERVICES INC.,

                Defendants.

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Ida Riese, who currently resides in Mastic Beach, Suffolk County, New York, filed this *pro se* action asserting employment discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII").[1] She sues her former employer, Long Island Child and Family Development Services, Inc. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under the venue provision for claims brought under Title VII, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

---

[1] The transferee court may wish to construe Plaintiff's complaint as also asserting claims under the New York State and City Human Rights Laws. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint").

42 U.S.C. § 2000e-5(f)(3). With respect to any claims brought under state law, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purpose of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Because Plaintiff alleges that her former employer is located in Patchogue, Suffolk County, New York, and that the events that are the bases for her claims, including her termination, also occurred there, this court, and every other federal district court within the State of New York, are proper venues for her claims under Title VII. *See* § 2000e-5(f)(3).

As to any claims that Plaintiff may be asserting under state law, such claims do not appear to belong in this court. Plaintiff alleges that her employer is located in Patchogue, Suffolk County, where the events giving rise to her claims also occurred. Because Suffolk County lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c),[2] It is clear that venue for any state law claims would not be proper in this court under Section 1392(b)(1) or (2). However, the

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (3) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. 28 U.S.C. § 112(c).

Eastern District of New York is clearly a proper venue for those claims under Section 1391(b)(1), and (2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate for this action. Although both this court and the Eastern District of New York are proper venues for Plaintiff's Title VII claims, *see* § 2000e-5(f)(3), the underlying events allegedly occurred in Suffolk County, in the Eastern District of New York, where the sole defendant is located. Further, it is reasonable to expect that relevant documents and witnesses would also be located there. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* 28 U.S.C. § 1404(a); *D.H. Blair &*

*Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 9, 2023
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge